**Opinion issued September 5, 2013**



In The

# Court of Appeals

### For The

# First District of Texas

_____

**NO. 01-12-00899-CR**
**NO. 01-12-00900-CR**

_____

**KENDALL J. RADLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1233857 & 1233858**

## MEMORANDUM OPINION

Appellant, Kendall J. Radley, pleaded guilty, without an agreed recommendation, to two felony offenses of aggregate theft, one of property valued at more than $100,000 but less than $200,000, and one of property valued at more

than $200,000. The trial court found appellant guilty of both offenses and assessed punishment at 12 years' confinement for each offense, to run concurrently. The trial court certified that appellant has the right to appeal. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel— determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court in each appeal and grant counsel's motions to withdraw.[1]  Attorney Bob Wicoff must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b).